IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE LEWIS, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-1504 |
| v. | : | |
| | : | (Judge Rambo) |
| SUPERINTENDENT MASON, *et al.*, | : | |
|     Defendants | : | |

**ORDER**

**AND NOW**, on this 23rd day of April 2020, in accordance with the Memorandum accompanying this Order, **IT IS ORDERED THAT**:

1. Defendants' motion to dismiss (Doc. No. 37) is **GRANTED in part** and **DENIED in part**, as follows:

    a. The motion (Doc. No. 37) is **GRANTED** as to Plaintiff's claims against Defendant Wetzel as well as his First Amendment retaliation claim;

    b. The motion (Doc. No. 37) is **DENIED** as to his Eighth Amendment claims against Defendants Mason, Contreras, Phan, Zabresky, Jones, Roxby, and Klick;

    c. The motion (Doc. No. 37) is **DENIED** with respect to Defendants' request to dismiss based upon failure to exhaust as well as their request to consolidate the above-captioned action with 1:19-cv-1989;

2. Plaintiff is granted leave to file a second amended complaint within thirty (30) days from the date of this Order. If Plaintiff elects to file a second amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum. Specifically, the second amended complaint must be complete in all

    respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The second amended complaint should set forth Plaintiff's claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. The second amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Plaintiff claims violated his rights. Mere conclusory allegations will not set forth cognizable claims. Importantly, should Plaintiff elect to file a second amended complaint, he must re-plead every cause of action in the second amended complaint that the Court has found to be adequately pled in the current amended complaint, such as his Eighth Amendment claim against Defendants Mason, Contreras, Phan, Zabresky, Jones, Roxby, and Klick, because the second amended complaint will supersede the original complaint and amended complaint. *See Knight v. Wapinsky*, No. 12-cv-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (stating that an amended complaint supersedes the original complaint). Because a second amended complaint supersedes the original pleading and amended complaint, all causes of action alleged in the original complaint and amended complaint which are not alleged in a second amended complaint are waived. *Id.* (citations omitted); and

3. If Plaintiff files a second amended complaint, it will supersede the original complaint and amended complaint as set forth above. If Plaintiff fails to file a second amended complaint within thirty (30) days of the date hereof, the above-captioned case will proceed on Plaintiff's Eighth Amendment claims against Defendants Mason, Contreras, Phan, Zabresky, Jones, Roxby, and Klick, as set forth in his amended complaint.

                                                  s/ Sylvia H. Rambo
                                                  United States District Judge