# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Andre Lewis** : | |
| *Plaintiff* : | |
| : | No. 1:19-CV-1504 |
| v. : | |
| : | **(Judge Rambo)** |
| **Superintendent Mason, et al** : | |
| : | Electronically Filed Document |
| : | |
| : | |
| *Defendant* : | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE CERTAIN WITNESSES

 Respectfully submitted,

 **JOSH SHAPIRO**
 Attorney General

 By: /s/ Anthony Bowers
 **ANTHONY BOWERS**
Office of Attorney General         Deputy Attorney General
15th Floor, Strawberry Square      Attorney ID 311155
Harrisburg, PA 17120
Phone: (717) 787-2038              KAREN M. ROMANO
                                   Chief Deputy Attorney General
abowers@attorneygeneral.gov

Date: 5/27/20                      Counsel for Defendants Mason, Jones, Roxby, Phan, Zabresky, Klick, and Contreras

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

PERTINENT PROCEDURAL HISTORY .................................................................. 3

STATEMENT OF QUESTION(S) INVOLVED ......................................................... 3

ARGUMENT .................................................................................................................. 3

   I.   Plaintiff's failure to comply with the applicable rules requires dismissal of his motion, without prejudice. ............................................................................................. 4

      A.   Plaintiff failed to file a "copy of the discovery matters in dispute" for his motion violating LOCAL RULE 5.4(c). ........................................................................ 4

      B.   Plaintiff failed to provide the requisite notice and information in violation of FED. R. CIV. P. 30. ........................................................................................................ 4

      C.   Plaintiff failed to provide the requisite notice and information in violation of FED. R. CIV. P. 45. ........................................................................................................ 5

      D.   Plaintiff failed to provide comply with FED. R. CIV. P. 37. ............................ 7

      E.   Plaintiff not only failed to demonstrate the information to be elicited is discoverable in violation of FED. R. CIV. P. 26, but demonstrates he seeks to violate that rule by pursuing an irrelevant line of inquiry. ................................................... 7

   II.   The security and logistical difficulties inherent in Plaintiff's incarceration, and directives of FED. R. CIV. P. 26, should guide this Court into requiring Plaintiff to first utilize alternative means of discovery which are proportional to the needs of the case, before unnecessarily imposing burden and expense upon Defendants, Third-Parties, and the Court for his requested depositions. ................................................... 9

CONCLUSION ............................................................................................................ 11

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8 .............................. 13

# TABLE OF AUTHORITIES

**Cases**
*Belle vs. Crawford*, 1993 WL 59291 (E.D.Pa. 1993) .............................................................. 10
*Cramer v. Kerestes*, 2020 WL 1233630 (M.D.Pa. 2020) ........................................................ 10
*McKeithan v. Jones*, 212 Fed. Appx. 129 (3d Cir. 2007) ......................................................... 9
*Muniz vs. Price*, 2010 WL 4537037 (M.D.Pa. 2010) ............................................................. 10
*Nelson v. ARA Food Service*, 1995 WL 303990 (E.D.Pa. 1995) ........................................... 10
*Pressley vs. PA D.O.C.*, 2011 WL 13277239 (M.D.Pa. 2011) ......................................... 10, 11
*Sears v. Mooney*, 2018 WL 5841971 (M.D.Pa. 2018) ........................................................... 10
*Williams v. Gavins*, 2014 WL 4185652 (M.D.Pa. 2014) ....................................................... 10

**Rules**
Fed. R. Civ. P. 26 ..................................................................................................... 3, 7, 8, 9
Fed. R. Civ. P. 30 ..................................................................................................... 3, 4, 5, 9
Fed. R. Civ. P. 37 ................................................................................................................ 3, 7
Fed. R. Civ. P. 37. ................................................................................................................... 7
Fed. R. Civ. P. 38 ..................................................................................................................... 5
Fed. R. Civ. P. 45 ..................................................................................................... 3, 5, 6, 7
Local Rule 5.4 ..................................................................................................................... 3, 4
Local Rule 54 .......................................................................................................................... 6

## PERTINENT PROCEDURAL HISTORY

Plaintiff is *pro se* inmate Andre Lewis ("Plaintiff or "Lewis"), who is presently incarcerated at SCI-Smithfield. On May 20, 2020, Plaintiff filed a Motion for Leave to conduct certain depositions of nine individuals.[1] *See* ECF 43. On May 21, 2020, the Court Ordered Defendants to file a response to Plaintiff's Motion within fourteen (14) days. ECF 45. This is Defendants' response to that Order.

## STATEMENT OF QUESTION(S) INVOLVED

I.  **Whether Plaintiff's failure to comply with the applicable rules requires dismissal of his motion?**
    Suggested Answer: *Yes*

II. **Whether the security and logistical difficulties presented by Plaintiff's incarceration require that Plaintiff first utilize alternative means of discovery which are proportional to the needs of the case and do not unnecessarily burden the Defendants, Third Parties, and the Court?**
    Suggested Answer: *Yes*

## ARGUMENT

On May 20, 2020, Plaintiff filed a motion, requesting to depose nine individuals, which failed to comply with, *inter alia*, LOCAL RULE 5.4, and FED. R. CIV. P. 26, 30, 37, and 45. *See,* § I, immediately below. Plaintiff's motion seeks relief which would also be

---

[1] The persons whom Plaintiff indicates he would like to depose include the seven (7) Defendants (Mason, Jones, Roxby, Phan, Zabresky, Klick, and Contreras) and two non-parties—a non-party corrections employee (Sharon Nichol) and an inmate (Kenneth Santiago).

3

inconsistent with the body of precedent of this circuit on similar requests. *See, infra*, § II, p. 11. Consequently, Plaintiff's motion must be denied.

I. **Plaintiff's failure to comply with the applicable rules requires dismissal of his motion, without prejudice.**

   A. Plaintiff failed to file a "copy of the discovery matters in dispute" for his motion violating LOCAL RULE 5.4(c).

   LOCAL RULE 5.4 provides that "[t]he party responsible for serving a discovery request" is required to retain and become a custodian of the original response, L.R. 5.4(b), and, when seeking to invoke the court's relief under the Federal Rules of Civil Procedure, to contemporaneously file "a copy of the discovery matters in dispute" with any motion. L.R. 5.4(c). Here, Plaintiff filed a motion for leave to conduct nine depositions with the Court on May 20, 2020. *See* [ECF 43]. However, as immediately apparent from review of that motion, Plaintiff failed to file the requisite "copy of the discovery matters in dispute." Plaintiff's failure is unsurprising because he never served any requests for discovery upon Defendants or their counsel. The Court should **deny** Plaintiff's motion, *without prejudice*, for, *inter alia*, his failure to comply with LOCAL RULE 5.4.

   B. Plaintiff failed to provide the requisite notice and information in violation of FED. R. CIV. P. 30.

   FED. R. CIV. P. 30 requires a party seeking to depose a person by oral questions to give reasonable written notice to every other party to the action. FED. R. CIV. P. 30(b)(1). That requisite notice must state, *inter alia*, "the time and place of the deposition

4

and, if known, the deponent's name and address," *id.,* as well as "the method for recording the testimony." FED. R. CIV. P. 30(b)(3)(A)[2]; *see also* FED. R. CIV. P. 38 ("Persons Before Whom Depositions May Be Taken"). Here, Plaintiff filed a motion for leave to conduct nine depositions with the Court on May 20, 2020. *See* [ECF 43]. Assuming *arguendo* Plaintiff's motion is an adequate form for the written notice required FED. R. CIV. P. 30(b), Plaintiff has nonetheless failed to provide the requisite notice and information to comply with FED. R. CIV. P. 30. Plaintiff's motion does not indicate the time and place in which he seeks to take such deposition or the method in which the prospective oral deposition testimony would be recorded. *See* FED. R. CIV. P. 30(b)(1)-(2). Plaintiff similarly fails to indicate how he intends to pay the costs of such deposition. The Court should **deny** Plaintiff's motion, *without prejudice*, for, *inter alia*, his failure to comply with FED. R. CIV. P. 30.

C. <u>Plaintiff failed to provide the requisite notice and information in violation of FED. R. CIV. P. 45.</u>

FED. R. CIV. P. 45 requires that a party seeking to command attendance of an individual at a deposition by subpoena comply with certain requirements, including, by providing certain notice and information. FED. R. CIV. P. 45(a). The subpoena must

---

[2] The rule also explicitly states that "[t]he noticing party bears the recording costs." FED. R. CIV. P. 30(b)(3)(A).

issue from the clerk of the court where the action is pending. FED. R. CIV. P. 45(a)(2).[3] The subpoena, <u>along with the requisite witness fees</u>, must also be served on the prospective deponent, by any non-party adult. *See* FED. R. CIV. P. 45(b)(1); *see also* L.R. 54.4(4)("Witness Fees, Mileage and Subsistence"). The contents of the subpoena must also provide certain requisite information including, *inter alia*, the time and place in which that individual is commanded to attend and testify, FED. R. CIV. P. 45(a)(1)(A)(iii), and the method for recording that individuals testimony. FED. R. CIV. P. 45(a)(1)(B). Of course, the party responsible for issuing and serving a subpoena must take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). Here, although Plaintiff filed a motion for leave to conduct nine depositions with the Court on May 20, 2020, [ECF 43], he failed to comply with the requirements of FED. R. CIV. P. 45. Plaintiff's motion neither contains a subpoena, nor requests the Court's clerk issue one. Plaintiff's motion does not indicate how he intends to effectuate service or describe how he intends to provide the requisite witness fees for the prospective depositions. He fails to indicate the time and place in which he intends to take the prospective subpoenaed deposition; and omits the method in which the prospective oral deposition testimony is to be be recorded.

---

[3] A separate provision of the rule permits an *attorney* authorized to practice within the issuing court to issue and sign a subpoena. FED. R. CIV. P. 45(a)(3).

For any and all of these defects, the Court should **deny** Plaintiff's motion, *without prejudice*, for, *inter alia*, failing to comply with FED. R. CIV. P. 45.

D. Plaintiff failed to provide comply with FED. R. CIV. P. 37.

FED. R. CIV. P. 37 requires that a party seeking to compel discovery by motion is required to include a certification that the movant had "in good faith conferred or attempted to confer with the person or party" from whom discovery was sought. FED. R. CIV. P. 37(a)(1). Here, Plaintiff filed a motion for leave to conduct nine depositions with the Court on May 20, 2020, [ECF 43], but did so without sending a single request for discovery upon undersigned counsel—Plaintiff did not send a notice of deposition, subpoena, as described above, or even a letter requesting depositions or discovery requests. Consequently, the Court should **deny** Plaintiff's motion, *without prejudice*, for, *inter alia*, his failure to comply with FED. R. CIV. P. 37.

E. Plaintiff not only failed to demonstrate the information to be elicited is discoverable in violation of FED. R. CIV. P. 26, but demonstrates he seeks to violate that rule by pursuing an irrelevant line of inquiry.

FED. R. CIV. P. 26(b) defines the scope of discovery—providing that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

7

outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Here, Plaintiff filed a motion for leave to conduct nine depositions with the Court on May 20, 2020 which was insufficient to demonstrate the requested discovery is within the scope of FED. R. CIV. P. 26(b). Nonetheless, while exerting only minimal effort to demonstrate any relevance of his requested discovery, Plaintiff nonetheless revealed that he plans to pursue a line of inquiry irrelevant to the subject matter of this action.

Claiming, *ipse dixit*, that depositions are necessary to "properly prepare his case[,]" Plaintiff requests leave to depose, *inter alia*, Kenneth Santiago (whom Plaintiff identified as an inmate presently incarcerated at SCI Smithfield who was formerly incarcerated at SCI Retreat). When making this request, Plaintiff makes no showing as to what information he intends to elicit from inmate Santiago—the same defect is consistent to the other requested deponents—or otherwise demonstrate how that information would be relevant, proportional, or sufficiently important to the needs of the case to justify the burden and expense of his requested discovery. Tellingly, Plaintiff's motion nonetheless suggests that he intends to inquire about an "excessive force" claim which is not before the Court. *Compare* ECF 43 at 2, ¶ 2 (Amended Complaint) and ECF 40 at 7-10 (opinion describing only an Eighth Amendment 'conditions of confinement' claim). Consequently, the Court should **deny** Plaintiff's motion, *without prejudice*, for, *inter alia*, his failure to comply with FED. R. CIV. P. 26.

8

As detailed *seriatim* above, because Plaintiff's Motion makes it apparent he has no intention to comply with the applicable rules, this Court should deny Plaintiff's motion, *without prejudice*, for his failure to comply with any or all of the above referenced violations of the applicable rules. However, as explained in the following section, the Court is not constrained to deny Plaintiff's request for depositions on the above-described procedural grounds. Rather, it can, and should, also deny Plaintiff's Motion because alternative mechanisms exist for him to "prepare his case"—mechanisms which comply with the text and spirit of FED. R. CIV. P. 26, do not present the security and logistical concerns inherent in depositions conducted by incarcerated persons like Plaintiff, and do not otherwise unnecessarily impose burden and expense upon Defendants, Third-Parties, and the Court.

**II. The security and logistical difficulties inherent in Plaintiff's incarceration, and directives of FED. R. CIV. P. 26, should guide this Court into requiring Plaintiff to first utilize alternative means of discovery which are proportional to the needs of the case, before unnecessarily imposing burden and expense upon Defendants, Third-Parties, and the Court for his requested depositions.**

Rulings on inmate requests to conduct oral depositions pursuant to FED. R. CIV. P. 30 rest within the sound discretion of the court. However, the Third Circuit Court of Appeals has previously instructed that such discretion should be guided by the basic recognition that depositions by and/or of incarcerated individuals present security and logistical difficulties. *See, e.g.*, *McKeithan v. Jones*, 212 Fed. Appx. 129 (3d Cir. 2007).

9

Cases citing *McKeithan* have consistently resulted in decisions concluding that the proper exercise of discretion entails denial of inmate requests for orders compelling oral depositions, **unless necessary**, since it is preferable for inmates to obtain discovery through alternative means. *See, e.g.*, *Cramer v. Kerestes*, 2020 WL 1233630, at *4 (M.D.Pa. 2020); *Sears v. Mooney*, 2018 WL 5841971, at *3 (M.D.Pa. 2018); *Williams v. Gavins*, 2014 WL 4185652 (M.D.Pa. 2014); *Pressley vs. PA D.O.C.*, 2011 WL 13277239 (M.D.Pa. 2011); *Muniz vs. Price*, 2010 WL 4537037 (M.D.Pa. 2010); *Nelson v. ARA Food Service*, 1995 WL 303990 (E.D.Pa. 1995); *Belle vs. Crawford*, 1993 WL 59291 (E.D.Pa. 1993). In one such case, the security and logistical concerns were described as follows:

> Every time an inmate is transferred from one institution to another, the sending and receiving institutions are burdened…Personnel at the sending institution must do the necessary paperwork, make certain arrangements,…[and p]ersonnel at the receiving institution must also process the necessary paperwork…[G]reater security risks are present during the actual transport,…and in actually getting the inmate into custody at the receiving institution.

*Belle*, 1993 WL 59291 at 5.

The above string-cited body of caselaw further reveals that the automatic preference for alternative means of discovery is particularly applicable in cases where, as here, the requesting party failed to comply with the applicable procedural rules, *Muniz*, 2010 WL 4537037 at *3-4; when, as here, the prospective deponents are also incarcerated, *Belle*, 1993 WL 59291 at *5; and when, as here, the prospective depositions

10

would require the expenditure of resources of third parties on behalf of *in forma pauperis* litigants, *Pressley*, 2011 WL 13277239 at *2.

The record here demonstrates that, here, the standard security and logistical concerns inherent in inmate requests for depositions are only heightened. Plaintiff frequently requires the higher level security of the Behavioral Management Unit (BMU) and/or Psychiatric Observation Cells (POC), *see* Exhibit A (Cell History), has a demonstrated <u>history of assaultive behavior</u>, *see* Exhibit B (Misconduct History), and, his current sentence is for conviction of the crime of Witness Intimidation. *See* Exhibit C (DC1 Face Sheet). Given the limited showing by Plaintiff and well-settled preference to require inmates use alternative means of discovery, the Court should deny Plaintiff's Motion.

## CONCLUSION

Based upon the foregoing, Plaintiffs' Motion for leave to conduct depositions should be denied, *without prejudice*.

          **Respectfully submitted,**
          **JOSH SHAPIRO**
          Attorney General

By: /s/ Anthony Bowers
    **ANTHONY BOWERS**

Office of Attorney General     Deputy Attorney General
15th Floor, Strawberry Square     Attorney ID 311155
Harrisburg, PA 17120
Phone: (717) 787-2038     KAREN M. ROMANO

11

|  |  |
|---|---|
|  | Chief Deputy Attorney General |
| abowers@attorneygeneral.gov |  |
| Date: 5/27/20 | Counsel for Defendants Mason, Jones, Roxby, Phan, Zabresky, Klick, and Contreras |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8**

I, Anthony Bowers, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that the foregoing PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE CERTAIN WITNESSES complies with the word-count limit described in LOCAL RULE 7.8, in that it contains 2818 words.

By: **/s/ Anthony Bowers**
**ANTHONY BOWERS**
Deputy Attorney General

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-2038
**abowers@attorneygeneral.gov**

PA Attorney ID 311155
Counsel for Defendants Mason, Jones, Roxby, Phan, Zabresky, Klick, and Contreras

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Andre Lewis** : | |
| *Plaintiff* : | |
| : | **No. 1:19-CV-1504** |
| v. : | |
| : | Electronically Filed Document |
| **Superintendent Mason, et al** : | |
| : | Judge Rambo |
| : | |
| : | |
| *Defendant* : | |

## CERTIFICATE OF SERVICE

I, Anthony Bowers, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 27, 2020, I caused to be served a true and correct copy of the foregoing document, titled BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE CERTAIN WITNESSES via hand delivery to the Plaintiff through the Department of Corrections. This alternative method of service is being used due to the COVID-19 emergency

By:  **/s/ Anthony Bowers**
**ANTHONY BOWERS**

abowers@attorneygeneral.gov   Deputy Attorney General

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-2038

PA Attorney ID 311155
Counsel for Defendants Mason, Jones, Roxby, Phan, Zabresky, Klick, and Contreras