IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LEWIS,     :<br>         Plaintiff    :<br>                       :<br>   v.                 :<br>                       :<br>SUPERINTENDENT  :<br>MASON, *et al.*,   :<br>         Defendants :  | No. 1:19-cv-1504<br><br>(Judge Rambo) |

## MEMORANDUM

This matter is before the Court pursuant to the motion for leave to depose Defendants and witnesses (Doc. No. 43) filed by *pro se* Plaintiff Andre Lewis ("Plaintiff"). For the following reasons, the Court will deny Plaintiff's motion.

I.   **BACKGROUND**

On September 30, 2019, while incarcerated at SCI Retreat, Plaintiff initiated the above-captioned action by filing a motion for a preliminary injunction and temporary restraining order against Defendants Superintendent Mason ("Mason"), Deputy Banta ("Banta"), Deputy Stedler ("Stedler"), C/O Jones ("Jones"), C/O Roxby ("Roxby"), and Lieutenant Contreras ("Contreras"). (Doc. No. 1.) On September 5, 2019, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants John E. Wetzel ("Wetzel"), Mason, Captain Eustice ("Eustice"), Lieutenant Klick ("Klick"), Contreras, C/O Zabresky ("Zabresky"), C/O Phan ("Phan"), Jones, Roxby, and C/O Gruden ("Gruden"). *See Lewis v. Wetzel*, No.

1:19-cv-1543 (M.D. Pa.).  In an Order entered on September 11, 2019, the Court consolidated these actions because they "involve several of the same Defendants, arise from a common set of operative facts, and involve common questions of law." (Doc. No. 7 at 2.)

On December 2, 2019, Defendants filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  (Doc. No. 23.)  On January 24, 2020, the Court received from Plaintiff a document in which he stated that he wished to dismiss Banta and Stedler as Defendants.  (Doc. No. 29.)  Plaintiff also stated that he wanted to "withdraw this suit with leave to amend the complaint." (*Id.*)  In an Order dated January 27, 2020, the Court dismissed Defendants Banta and Stedler with prejudice and granted Plaintiff leave to file an amended complaint within thirty (30) days.  (Doc. No. 31.)  On February 5, 2020, the Court received a letter from Plaintiff, asking to withdraw his suit with leave to amend or refile the complaint.  (Doc. No. 33.)  In an Order dated February 10, 2020, the Court directed Plaintiff to either file his amended complaint by February 26, 2020 or notify the Court by that date if he wished to voluntarily dismiss the above-captioned action. (Doc. No. 34.)

The Court received Plaintiff's amended complaint on February 21, 2020. (Doc. No. 35.)[1] In his amended complaint, Plaintiff named Mason, Contreras, Phan, Zabresky, Jones, Roxby, Klick, and Wetzel as Defendants. (Doc. No. 35.) He avers that from June 27-29, 2019, while he was incarcerated at SCI Retreat, Defendants Phan, Jones, Roxby, Klick, Contreras, and Zabresky "all denied [him] liquid. They turned off all [his] cell water trying to kill [him] by dehydration." (*Id.* at 5.) Plaintiff notified Defendant Mason of the lack of water on June 28, 2019 and alleges that she responded by telling him to stop "giving [her] staff a hard time." (*Id.*) Plaintiff did not receive water until 5:00 a.m. on June 29 or 30, 2019 "after a medical emergency." (*Id.*) He maintains that he "suffered dehydration, chest pains, craps, and shortness of breath," and that a Registered Nurse "had to call for help to hydrate [him] and give [him a] breathing treatment." (*Id.*) Plaintiff asserted violations of his First and Eighth Amendment rights. (*Id.* at 3.)

Defendants filed a motion to dismiss the amended complaint on March 10, 2020. (Doc. No. 37.) Plaintiff did not file a response. In a Memorandum and Order dated April 23, 2020, the Court granted in part and denied in part the motion to dismiss. (Doc. Nos. 40, 41.) Specifically, the Court granted the motion as to

---

[1] In an Order dated February 25, 2020, the Court denied as moot Defendants' motion for a more definite statement given that Plaintiff had filed an amended complaint. (Doc. No. 36.)

Plaintiff's claims against Defendant Wetzel and his First Amendment retaliation claim but denied it as to his Eighth Amendment claims against Defendants Mason, Contreras, Phan, Zabresky, Jones, Roxby, and Klick.  (*Id.*)  The Court granted Plaintiff leave to file a second amended complaint and advised him that if he did not file a second amended complaint this matter would proceed on his Eighth Amendment claims only.  (*Id.*)

On May 20, 2020, the Court received from Plaintiff his motion for leave to depose Defendants and witnesses (Doc. No. 43) as well as a letter indicating that he would not be filing a second amended complaint (Doc. No. 44).  Accordingly, in an Order dated May 21, 2020, the Court dismissed Defendants Wetzel, Eustice, and Gruden and directed the remaining Defendants to respond to Plaintiff's motion.  (Doc. No. 45.)  The Court also directed the parties to complete discovery by November 18, 2020.  (*Id.*)  Defendants filed their response to Plaintiff's motion on May 27, 2020.[2]  (Doc. No. 46.)

---

[2] While Plaintiff has not filed a reply brief, the Court notes that it is "under no obligation to refrain from considering Plaintiff's motion until he file[s] a reply brief." *King v. Mansfield Univ. of Pa.*, No. 1:11-cv-1112, 2015 WL 871693, at *3 (M.D. Pa. Feb. 27, 2015).  The Local Rules of this Court make clear that the Court has unlimited authority to decide a motion before the expiration of the typical briefing schedule.  *See* M.D. Pa. L.R. 7.6 (noting that "[n]othing in this rule shall be construed to limit the authority of the [C]ourt to grant any motion before expiration of the prescribed period for filing a brief in opposition").  The Court finds that the issues have been adequately briefed in Plaintiff's motion as well as Defendants' response such that any reply by Plaintiff "would [not] have any material impact" on the Court's decision.  *See Witasick v. Minn. Mut. Life Ins. Co.*, No. 12-3474, 2015 WL 758316, at *1 n.3 (D.N.J. Feb. 23, 2015).

## II.   PLAINTIFF'S MOTION

Plaintiff seeks leave to depose the remaining Defendants as well as Sharon Nichol, an employee at SCI Retreat, and Kenneth Santiago, who used to be incarcerated at SCI Retreat and who is now incarcerated at SCI Smithfield. (Doc. No. 43 at 1.) As an initial matter, Plaintiff failed to file a brief in support of his motion as required by Local Rule 7.5, which permits the Court to deem Plaintiff's motion withdrawn. *See* L.R. 7.5. Regardless of the fact that Plaintiff's motion is not properly before the Court, the Court considers the merits of the motion below.

Defendants maintain that Plaintiff's request to conduct oral depositions present[s] security and logistical concerns inherent in depositions conducted by incarcerated persons like Plaintiff. (Doc. No. 46 at 10-12.) The Court agrees with Defendants. As an initial matter, the Court has broad discretion to rule upon inmate requests to conduct oral depositions pursuant to Rule 30 of the Federal Rules of Civil Procedure, *see McKeithan v. Jones*, 212 F. App'x 129, 131 (3d Cir. 2007), and with respect to Plaintiff's request to depose a fellow inmate, he must obtain leave of Court prior to doing so, *see* Fed. R. Civ. P. 30(a)(2)(B). Plaintiff, however "would be responsible for his discovery expenses, including the costs associated with the taking of a deposition." *Sears v. Mooney*, No. 1:17-cv-50, 2018 WL 5841971, at *4 (M.D. Pa. Nov. 8, 2018).

Defendants have included exhibits regarding the security and logistical concerns posed by Plaintiff's request. Those exhibits indicate that Plaintiff has a history of assaultive behavior while incarcerated and is currently serving a sentence for witness intimidation. (Doc. No. 27, Exs. B and C.) Defendants are also correct in that Plaintiff has not addressed how he would cover the expenses involved in conducting these depositions. These concerns weigh heavily in favor of denying Plaintiff's motion. This Court has previously noted:

> [I]t is evident that alternative means of obtaining discovery exist that would be sufficient for Plaintiff's purposes in this case. For example, pursuant to Fed. R. Civ. P. 31 Plaintiff could seek leave of [C]ourt to take depositions by written questions. He also has the availability of preparing and submitting written interrogatory questions to Defendants pursuant to Fed. R. Civ. P. 33.

*Pressley v. Pa. Dep't of Corr.*, No. 3:08-cv-2131, 2011 WL 13277239, at *2 (M.D. Pa. Jan. 27, 2011); *see also McKeithan*, 212 F. App'x at 131 (concluding that the district court did not abuse its discretion in denying inmate's request to conduct oral depositions); *Cramer v. Kerestes*, No. 3:15-cv-1360, 2020 WL 1233630, at *3-4 (M.D. Pa. Mar. 13, 2020) (noting the security and logistical concerns inherent in inmate requests to conduct oral depositions); *Williams v. Gavins*, No. 1:13-cv-387, 2014 WL 4185652, at *3 (M.D. Pa. Aug. 21, 2014) (same); *Muniz v. Price*, No. 3:10-cv-345, 2010 WL 4537037, at *3 (M.D. Pa. Nov. 3, 2010) (same).

Plaintiff also has not "set forth more specifically the necessity of deposing particular individuals, what discoverable information he anticipates they can provide, and why the information is unobtainable from other sources." *Belle v. Crawford*, No. 91-8013, 1993 WL 59291, at *7 (E.D. Pa. Mar. 8, 1993). In light of this, as well as the logistical and security concerns discussed above and the availability of alternate forms of discovery, the Court will deny Plaintiff's motion for leave to depose Defendants and witnesses (Doc. No. 43). This denial, however, will be without prejudice to Plaintiff's right to refile his request in the future should the need arise.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to depose Defendants and witnesses (Doc. No. 43) will be denied. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Date: June 12, 2020