**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRE LEWIS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:19-cv-1504** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **SUPERINTENDENT** | : | |
| **MASON, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This matter is before the Court pursuant to the motion to compel (Doc. No. 52) filed by *pro se* Plaintiff Andre Lewis("Plaintiff") and Defendants' response thereto (Doc. No. 55).[1] For the following reasons, the Court will grant in part and deny as moot in part Plaintiff's motion.

## I. BACKGROUND

On September 30, 2019, while incarcerated at SCI Retreat, Plaintiff initiated the above-captioned action by filing a motion for a preliminary injunction and temporary restraining order against Defendants Superintendent Mason ("Mason"),

[1] While Plaintiff has not filed a reply brief, the Court notes that it is "under no obligation to refrain from considering Plaintiff's motion until he file[s] a reply brief." *King v. Mansfield Univ. of Pa.*, No. 1:11-cv-1112, 2015 WL 871693, at *3 (M.D. Pa. Feb. 27, 2015). The Local Rules of this Court make clear that the Court has unlimited authority to decide a motion before the expiration of the typical briefing schedule. *See* M.D. Pa. L.R. 7.6 (noting that "[n]othing in this rule shall be construed to limit the authority of the [C]ourt to grant any motion before expiration of the prescribed period for filing a brief in opposition"). The Court finds that the issues have been adequately briefed in Plaintiff's motion as well as Defendants' response such that any reply by Plaintiff "would [not] have any material impact" on the Court's decision. *See Witasick v. Minn. Mut. Life Ins. Co.*, No. 12-3474, 2015 WL 758316, at *1 n.3 (D.N.J. Feb. 23, 2015).

Deputy Banta ("Banta"), Deputy Stedler ("Stedler"), C/O Jones ("Jones"), C/O Roxby ("Roxby"), and Lieutenant Contreras ("Contreras"). (Doc. No. 1.) On September 5, 2019, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants John E. Wetzel ("Wetzel"), Mason, Captain Eustice ("Eustice"), Lieutenant Klick ("Klick"), Contreras, C/O Zabresky ("Zabresky"), C/O Phan ("Phan"), Jones, Roxby, and C/O Gruden ("Gruden"). *See Lewis v. Wetzel*, No. 1:19-cv-1543 (M.D. Pa.). In an Order entered on September 11, 2019, the Court consolidated these actions because they "involve several of the same Defendants, arise from a common set of operative facts, and involve common questions of law." (Doc. No. 7 at 2.)

On December 2, 2019, Defendants filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. No. 23.) On January 24, 2020, the Court received from Plaintiff a document in which he stated that he wished to dismiss Banta and Stedler as Defendants. (Doc. No. 29.) Plaintiff also stated that he wanted to "withdraw this suit with leave to amend the complaint." (*Id.*) In an Order dated January 27, 2020, the Court dismissed Defendants Banta and Stedler with prejudice and granted Plaintiff leave to file an amended complaint within thirty (30) days. (Doc. No. 31.) On February 5, 2020, the Court received a letter from Plaintiff, asking to withdraw his suit with leave to amend or refile the

complaint. (Doc. No. 33.) In an Order dated February 10, 2020, the Court directed Plaintiff to either file his amended complaint by February 26, 2020 or notify the Court by that date if he wished to voluntarily dismiss the above-captioned action. (Doc. No. 34.)

The Court received Plaintiff's amended complaint on February 21, 2020. (Doc. No. 35.)[2] In his amended complaint, Plaintiff named Mason, Contreras, Phan, Zabresky, Jones, Roxby, Klick, and Wetzel as Defendants. (Doc. No. 35.) He avers that from June 27-29, 2019, while he was incarcerated at SCI Retreat, Defendants Phan, Jones, Roxby, Klick, Contreras, and Zabresky "all denied [him] liquid. They turned off all [his] cell water trying to kill [him] by dehydration." (*Id.* at 5.) Plaintiff notified Defendant Mason of the lack of water on June 28, 2019 and alleges that she responded by telling him to stop "giving [her] staff a hard time." (*Id.*) Plaintiff did not receive water until 5:00 a.m. on June 29 or 30, 2019 "after a medical emergency." (*Id.*) He maintains that he "suffered dehydration, chest pains, craps, and shortness of breath," and that a Registered Nurse "had to call for help to hydrate [him] and give [him a] breathing treatment." (*Id.*) Plaintiff asserted violations of his First and Eighth Amendment rights. (*Id.* at 3.)

[2] In an Order dated February 25, 2020, the Court denied as moot Defendants' motion for a more definite statement given that Plaintiff had filed an amended complaint. (Doc. No. 36.)

Defendants filed a motion to dismiss the amended complaint on March 10, 2020. (Doc. No. 37.) Plaintiff did not file a response. In a Memorandum and Order dated April 23, 2020, the Court granted in part and denied in part the motion to dismiss. (Doc. Nos. 40, 41.) Specifically, the Court granted the motion as to Plaintiff's claims against Defendant Wetzel and his First Amendment retaliation claim but denied it as to his Eighth Amendment claims against Defendants Mason, Contreras, Phan, Zabresky, Jones, Roxby, and Klick. (*Id.*) The Court granted Plaintiff leave to file a second amended complaint and advised him that if he did not file a second amended complaint this matter would proceed on his Eighth Amendment claims only. (*Id.*)

On May 20, 2020, the Court received from Plaintiff a letter indicating that he would not be filing a second amended complaint. (Doc. No. 44.) Accordingly, in an Order dated May 21, 2020, the Court dismissed Defendants Wetzel, Eustice, and Gruden; noted that this matter would proceed as to Plaintiff's Eighth Amendment claims against Defendants Mason, Contreras, Phan, Zabresky, Jones, Roxby, and Klick; and directed the parties to complete discovery by November 18, 2020. (Doc. No. 45.)

## II. DISCUSSION

In his motion, Plaintiff requests that the Court compel Defendants to produce A-ISO camera cell video footage from June 29-June 30, 2019. (Doc. No. 52 at 1.) He also seeks "medical notes, records/documents of June 29, 2019, from [registered] nurse Sharon Nichol, in regards to being [fed] liquid at or around 3 am to 5 am, due to being severely dehydrated." (*Id.*) The discovery request and Defendants' response at issue states as follows:

> PLEASE NOTE: The documents referenced in responses are not attached. You may contact the Assistant to the Superintendent at your institution, via an Inmate's Request to Staff Member, to request that arrangements be made for you to review the responsive documents.
>
> Request No. 1: Any and all evidence that the defense plants to present during the Court of this pending legal matter, including, but not limited to, Video footage for the date of June 29, 2019 in the A-ISO Camera Cell; Video footage for the date of June 28, 2019 in the A-ISO Camera Cell; Video footage for the date of June 39, 2019 in the A-ISO Camera Cell; Video footage for the date of September 30, 2019 in the BMU Day room; Written Statements; Medical files; Grievances; Investigation reports; Disciplinary actions; Witness Statements; and any other evidence known or otherwise unknown that may be used.
>
> Response: OBJECTION. Defendants OBJECT to this request as being vague and open to multiple interpretations.
>
> Defendants further OBJECT to this request as being overly broad, premature, burdensome, and exceeding the scope of discovery under Fed. R. Civ. P. 26(b), in that Defendants have not yet identified the documents they plan to present during the Court of this pending legal matter.

> Defendants further object to this request because it seeks information not relevant to any party's claim or defense. By way of further answer, Defendants note that the only claim before the Court in this action relate to an alleged Eighth Amendment violation for denial of water alleged to have occurred on the date of June 27, 2019 through June 30, 2019. *See* ECF 40.
>
> Defendants further OBJECT to the request as being overly broad and disproportionate to the needs of this case and would cause an undue burden and expense on Defendants to search for and produce all "written statements" without further delineation or specification. By way of further answer, Plaintiff must comply with the requirements of Fed. R. Civ. P. 34 to "describe with reasonable particularity each item or category of items" and, when submitting a request, take into account the burden placed on the responding party. *See, e.g.*, *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008).
>
> Defendants further OBJECT to this request as seeking privileged information.
>
> Without waiver of the foregoing objections, Defendants are hereby producing documents marked for production as DEF.000001:DEF000307.

(Doc. No. 55 at 25-26.) In response, Defendants assert that Plaintiff's motion should be denied for his failure to comply with the applicable rules and because they have already produced responsive documents. (*Id.* at 2.)

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to

compel disclosure of materials sought in discovery, will only be disturbed upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. Accordingly, courts often—and appropriately—liberally apply discovery rules. *See Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). *See McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

Defendants first maintain that Plaintiff's motion to compel should be denied because of his failure to comply with applicable rules, including Local Rule 5.4(c) and Federal Rules of Civil Procedure 26 and 37(a). (Doc. No. 55 at 6-11.) The Court considers Defendants' arguments in turn below.

Local Rule 5.4(c) provides that "[i]f relief is sought under any of the Federal Rules of Civil Procedure, a copy of the discovery matters in dispute shall be filed with the [C]ourt contemporaneously with any motion filed under these rules by the party seeking to invoke the [C]ourt's relief." M.D. Pa. L.R. 5.4(c). Defendants

argue that "Plaintiff's persistent failure to comply with this rule is troubling when viewed in the context of his actual filing." (Doc. No. 55 at 7.) Specifically, Defendants assert that Plaintiff "drastically misquotes" the discovery matters in dispute. (*Id.*) While the Court recognizes that Plaintiff did not file a copy of the discovery matters in dispute with his motion to compel, Defendants' inclusion of such with their brief in opposition permits the Court to consider the merits of Plaintiff's motion. Accordingly, the Court declines to deny Plaintiff's motion on the basis that he failed to comply with Local Rule 5.4(c).

Defendants also argue that Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 37(a). That rule provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). While the Court recognizes that Defendants are correct in that Plaintiff failed to include this certification, in light of Plaintiff's status as an incarcerated *pro se* litigant, the Court declines to deny his motion on this basis.

Defendants also maintain that Plaintiff's motion should be denied because he has failed to show that his requests are within the scope of discovery pursuant to Rule 26. (Doc. No. 55 at 9-11.) Rule 26 provides, in pertinent part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Defendants assert that Plaintiff has failed to demonstrate that the requested videos are encompassed within Rule 26(b)(1). (Doc. No. 55 at 10.) They maintain further that Plaintiff is requesting what amounts to 24 hours of video recordings, which presents its own issues. (*Id.*) Defendants also argue that they have responded to Plaintiff's request by producing extensive written documents and that they are "not withholding video recordings as was opined by Plaintiff." (*Id.* at 11.)

Plaintiff's remaining claim asserts that Defendants Mason, Contreras, Phan, Zabresky, Jones, Roxby, and Klick violated his Eighth Amendment rights by turning off the water to his cell and denying him liquids from June 27-29, 2019. (*See* Doc. No. 40 at 9.) He maintains that he "suffered dehydration, chest pains, craps, and shortness of breath," and that an RN "had to call for help to hydrate [him] and give [him a] breathing treatment." (Doc. No. 35 at 5.) In light of Plaintiff's allegations,

the Court concludes that the requested video footage from June 29, 2019 is relevant to Plaintiff's claims.

Defendants cite to a previous decision by this Court in support of their argument that production of 24 hours of video footage poses issues. (Doc. No. 55 at 10-11.) Specifically, Defendants rely upon the following passage:

> The videos pose a difficulty for a few reasons—first, they are recorded via the prison's proprietary software and can only be played back with a copy of the prison's proprietary software. Problems routinely arise when attempting to play back the video on various computer systems, with various versions of Windows, and often, the receivers of the video cannot get the video to play at all. As software and hardware on computers are updated, it becomes more difficult to play older video with older playback systems.
>
> To prevent these software related issues for the administration at Plaintiff's prison and him, counsel for Defendants must have the videos, when they are functional, converted into a standard ".wmv" file, which should easily play upon any computer without issue. Defendants are not withholding requested video recordings, nor is there any evidence of such, and they are sending the videos as soon as they are available.

*Easley v. Tritt*, No. 1:17-cv-930, 2020 WL 836695, at *3 (M.D. Pa. Feb. 20, 2020). Defendants assert that, "as was the case in *Easley*, Defendants responded to Plaintiff's production requests by producing extensive written documents—notwithstanding their interposing of objections to Plaintiff's requests." (Doc. No. 55 at 11.) Defendants' reliance on that passage in *Easley*, however, is misplaced. In that matter, the Court recognized Defendants' need for an extension to complete

discovery and directed that any relevant, functional video be produced to Plaintiff. *Easley*, 2020 WL 836695, at *3. Moreover, despite Defendants assertion that they are not withholding video recordings from Plaintiff (Doc. No. 55 at 11), nothing in the record indicates that such have been produced. Accordingly, the Court will grant Plaintiff's motion to compel to the extent that Defendants will be directed to produce the A-ISO camera cell video footage from June 29, 2019, beginning at 12:00 a.m., to 12:00 a.m. on June 30, 2019.

Finally, Defendants argue that Plaintiff's motion should be denied because they have already produced responsive documents, thereby satisfying their discovery obligations. (Doc. No. 55 at 12.) Specifically, Defendants indicate that they have made responsive documents, including RN Nichols' progress notes, available for Plaintiff's review. (*Id.* at 12 & n.3.) In light of this representation, the Court will deny Plaintiff's motion as moot with respect to his request that the Court compel the production of RN Nichols' medical notes.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Doc. No. 52) will be granted in part and denied as moot in part. The motion will be granted to the extent that Defendants will be directed to produce the A-ISO camera cell video footage from June 29, 2019, beginning at 12:00 a.m., to 12:00 a.m. on June 30, 2019. The

motion will be denied as moot with respect to Plaintiff's request that the Court compel the production of RN Nichols' medical notes. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Date: August 25, 2020